IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID KISSI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 08-833-JJF |
| | : | |
| PRAMCO II LLC, et al., | : | |
| | : | |
| Defendants. | : | |

David Kissi, Pro se Plaintiff.  Elkton Federal Correctional Institution, Lisbon, Ohio.

Etta R. Wolfe, Esquire,  Smith, Katzenstein, & Furlow, Wilmington, Delaware.  Attorney for Defendant DLA Piper.

**MEMORANDUM OPINION**

January 28, 2009
Wilmington, Delaware

Farman, District Judge

Presently before the Court is Defendant DLA Piper's Motion To Dismiss, Or In The Alterative, Transfer The Case To The United States District Court For The District Of Maryland. (D.I. 6.) For the reasons set forth below, the Court will grant the Motion To Transfer.

## I. BACKGROUND

Plaintiff, David Kissi, who proceeds pro se, is an inmate housed at the Elkton Federal Correctional Institution, Lisbon, Ohio. He filed this lawsuit on November 7, 2008, against numerous Defendants. (D.I. 2.) Plaintiff alleges jurisdiction "because this matter is a derivative matter from the DK&R" bankruptcy filings and that DK&R was a Delaware business entity at the time of its initial Chapter 13 filing. Plaintiff relies upon 28 U.S.C. § 1391(b)(3) to vest jurisdiction. He also asserts that jurisdiction is proper because Maryland federal judges have "sealed off Maryland courts" to him.[1] Defendant DLA Piper filed a Motion To Dismiss, Or In The Alterative, Transfer The Case To The United States District Court For The District Of

---

[1]Plaintiff has been permanently enjoined from filing further frivolous and vexatious litigation. Pramco II, LLC v. Kissi, Civ. No. PJM 03 CV 2241 (D. Md. Oct. 25, 2004). He has a prolific litigation history, filing cases in the federal courts of Pennsylvania, Maryland, District of Columbia, New York, Delaware, Ohio, Virginia, New Jersey, and California. See U.S. Party-Case Index, http:// pacer.psc. uscourts.gov.

2

Maryland. (D.I. 6.) Plaintiff recently filed a Second Motion For Leave To Proceed In Forma Pauperis. (D.I. 12.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1391(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

If a case is filed in the wrong court, it may be transferred. Section 1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

## III. DISCUSSION

The Court takes judicial notice that the United States District Court for the District of Maryland has permanently enjoined Plaintiff from continuing or instituting any actions in

3

any United States Court which constitute a collateral attack on any Order or Judgment of the United States District Court for the District of Maryland. Pramco II, LLC v. Kissi, Civ. No. PJM 03 CV 2241 (D. Md. Oct. 10, 2003; Oct. 25, 2004). Additionally, Plaintiff is required to seek approval prior to the filing of any lawsuit. (Id.) This he has failed to do.

The Court further notes that DK&R, referred to by Plaintiff and whose derivative bankruptcy filings he relies upon to vest this Court with jurisdiction, is not a named Defendant. Additionally, documents provided to the Court indicate that DK&R's bankruptcy proceedings were filed in Maryland.

The events of which Plaintiff complains occurred in the State of Maryland. Specifically, Counts I, II, and III of the complaint refer to actions taken by United States District Judge Peter J. Messitte ("Judge Messitte") of the United States District Court for the District of Maryland in cases filed in Maryland courts. Count IV alleges that Defendant Pramco II LLC ("Pramco") maliciously used the injunction issued by Judge Messitte. There are no allegations directed towards the other Defendants named in the case caption. Based upon the allegations in the Complaint, the Court finds that none of the Defendants reside in this judicial district, none of the Defendants are subject to personal jurisdiction in this district, and no Defendant is found here. Accordingly, the District of Maryland

4

is the only proper venue for this matter.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion To Transfer and will deny as moot the Second Motion For Leave To Proceed In Forma Pauperis. An appropriate Order will be entered.