IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID KISSI, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 08-833-JJF |
| PRAMCO II LLC, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**I.   BACKGROUND**

Plaintiff, David Kissi, who proceeds pro se, is an inmate housed at the Elkton Federal Correctional Institution, Lisbon, Ohio. He filed this lawsuit on November 7, 2008, against numerous Defendants. (D.I. 2.) On January 28, 2009, the Court ordered this case transferred to the United States District Court for the District of Maryland. (D.I. 14, 15.) Plaintiff now seeks reconsideration of the Order transferring his case. (D.I. 18, 19, 20, 21.)

**II.   STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

**III. DISCUSSION**

The Court transferred this case for a number of reasons, most notably that the District of Maryland is the proper venue for the case. Plaintiff's Motion argues the merits of his case. A motion for reconsideration may not be used as a means to argue new issues that were inexcusably not presented in the original

Complaint. Nor may it be used to as a means for the Court to rethink a decision already made.

Plaintiff does not meet the standard for reconsideration as he provides no valid reason for the Court to reconsider its January 28, 2009 Opinion and Order. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's Motion for Reconsideration (D.I. 18) is **DENIED**.

2. The Clerk of the Court is **DIRECTED** to forward to the United States District Court for the District of Maryland all new filings by Plaintiff, including Docket Items 18, 19, 20, 21, and 22.

3. Plaintiff is placed on **NOTICE** that future filings will be forwarded to the United States District Court for the District of Maryland and **WILL NOT BE CONSIDERED** by this Court.

2/26/09
DATE

/s/ Joseph J. Farnan
UNITED STATES DISTRICT JUDGE